IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RONALD KEIS, | § | |
| | § | No. 58, 2018 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1703000040 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: September 26, 2018
Decided: October 10, 2018

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 10th day of October, 2018, having considered the briefs and the record below, it appears to the Court that:

(1)    On March 12, 2018 a Superior Court judge found Ronald Keis guilty of Robbery First Degree, Home Invasion, and Assault Second Degree. He was acquitted of Tampering with Physical Evidence. The judge sentenced Keis as an habitual offender to seventy-eight years' incarceration followed by probation. On appeal he argues for the first time that his statements to police should have been suppressed under the Sixth Amendment to the United States Constitution. Because he was not denied his Sixth Amendment right to counsel, we affirm his convictions.

(2) The convictions arose from an incident on February 28, 2017 in Diane Harrington's house where a man unknown to her beat and threatened her for forty minutes before eventually demanding "money for drugs" and leaving the house with $2400 in cash. Harrington provided a description of her assailant to police. Later that night Detective Ritchey encountered Keis along the road beside a wooded area near Harrington's house and searched his person. He arrested Keis after discovering $2400 in cash. On March 7, 2017 two detectives interrogated Keis. The detectives read Keis his *Miranda* rights, Keis acknowledged that he understood his rights, signed a *Miranda* waiver, and agreed to give a statement. During his interrogation Keis stated that he was black-out drunk on the night of the events with little memory. This was also his explanation for urinating on his clothes while in a holding area after arrest, which the State asserted was an effort to destroy DNA evidence. At trial, Keis did not object to the recording of his statement being admitted into evidence by the State.

(3) After a two-day bench trial, Keis was convicted of Robbery First Degree, Home Invasion, and Assault Second Degree. The judge declared him an habitual offender and sentenced him to seventy-eight years at Level V followed by two years at Level III.

(4) On appeal, Keis argues that his interrogation violated his Sixth Amendment right to counsel under the United States Constitution. Because Keis did

2

not raise this issue in the Superior Court we review for plain error.[1] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[2] "The doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious, and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[3] If the decision to refrain from objecting at trial was deliberate and tactical it negates plain error review.[4]

(5) Keis' counsel was explicitly given the opportunity to object to the admission of the recording and waived it. This is likely because Keis' defense relied partially on his high level of intoxication—which was only established through his statement to the detectives. Since the deliberate decision not to object appears in the record to be tactical, it negates plain error review.

(6) Even if he had not waived his right to assert a Sixth Amendment claim at trial, Keis' *Miranda* waiver of his right to counsel was valid. The Sixth Amendment requires that defendants be allowed an attorney after judicial proceedings have been initiated.[5] The burden is on the State to show that the

---

[1] Supr. Ct. R. 8; *Small v. State*, 51 A.3d 452, 456 (Del. 2012).
[2] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[3] *Id.*
[4] *Wright v. State*, 980 A.2d 1020, 1023 (Del. 2009).
[5] *Deputy v. State*, 500 A.2d 581, 589 (Del. 1985).

3

defendant intelligently and affirmatively indicated his willingness to speak without a lawyer.[6]

(7) Keis was interviewed after appearing before a Magistrate, which implicated his right to counsel. But, he was informed of his *Miranda* rights, signed a *Miranda* waiver, and began talking without being coerced. Keis had also been exposed to the criminal justice system multiple times in his past and was aware of the dangers of speaking to detectives.

(8) Keis argues that he only spoke with the detectives to better understand the charges against him. This argument fails because his explanation does not implicate coercive questioning by the Detectives. Additionally, Keis was already largely aware of the charges against him, regardless of his memory of that night, because he had seen the warrant listing his charges, had spoken to a defense investigator about the charges, and had read a newspaper article describing the crime.

(9) The detectives' actions were not physically or psychologically coercive. Keis had knowledge of his rights and voluntarily waived them. Thus, even if admission of the recording had been objected to by the defense at trial, it would not have been suppressed because it did not violate Keis' Sixth Amendment rights.

---

[6] *Turner v. State*, 957 A.2d 565, 574 (Del. 2008).

NOW, THEREFORE, it is hereby ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice