# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | ID No. 1703000040 |
| | ) | |
| v. | ) | |
| | ) | RK17-03-0405-01 Robbery 1st  (F) |
| RONALD L. KEIS, | ) | RK17-03-0406-01 Home Invasion (F) |
| | ) | RK17-03-0407-01 Assault > 62 (F) |
| Defendant. | ) | |
| | ) | |

## ORDER

Submitted:  March 12, 2021
Decided:  April 7, 2021

On this 7th day of April, 2021 upon consideration of the Defendant's Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, **IT APPEARS THAT:**

1.  The defendant, Ronald L. Keis, was found guilty following a bench trial on November 8, 2017 of one count of Robbery in the First Degree, 11 *Del. C* . § 832; one count of Home Invasion, 11 *Del. C.* § 826A; and one count of Assault of a Person over 62 years old,  11 *Del. C.* § 612.  The Court found him not guilty on the remaining charge of Tampering with Physical Evidence.

2.  Prior to sentencing, the State filed a motion to declare Mr. Keis an habitual offender pursuant to 11 *Del. C.* § 4214(d).  The Court granted the motion on January 9, 2018.  It then sentenced Mr. Keis to a total of 78 years incarceration of which 50 years were minimum mandatory, followed by two years of probation.[1]

---

[1] *State v. Keis*, Del. Super., ID No. 170300040, Clark, J. (Jan. 9, 2018) (ORDER).

1

3. After the Delaware Supreme Court affirmed his conviction and sentence, Mr. Keis filed a motion for postconviction relief pursuant to Superior Court Criminal Rule 61 and an accompanying motion for appointment of counsel. He raised two grounds for relief, one of which alleged ineffective assistance of counsel.

4. The matter was referred to the Commissioner for findings of fact and recommendations pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62. The Commissioner recommends that the Court deny the Defendant's Motion for Postconviction Relief. After the Commissioner issued her report, neither party filed written objections.

**NOW, THEREFORE,** after a *de novo* review of the record, and for the reasons stated in the Commissioner's Report and Recommendation attached hereto as Exhibit "A", the Court adopts the Commissioner's Report and Recommendation in its entirety. As a result, Mr. Keis's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is **DENIED**.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

JJC/klc

# Exhibit

# A

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | ID. No. 1703000040 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK17-03-0405-01 Robbery 1st (F) |
| **RONALD L. KEIS,** | ) | RK17-03-0406-01 Home Invasion (F) |
| | ) | RK17-03-0407-01 Assault > 62 (F) |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief Pursuant to Superior Court Criminal Rule 61

Dennis Kelleher, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Ronald L. Keis, *Pro se.*

FREUD, Commissioner
January 15, 2021

The defendant, Ronald L. Keis, ("Keis") was found guilty following a Bench trial on November 8, 2017 of one count of Robbery in the First Degree, 11 *Del. C*. § 832; one count of Home Invasion, 11 *Del. C*. § 826A; and one count of Assault of a Person over 62 years old, 11 *Del. C*. § 612. The Judge found him not guilty on the remaining charge of Tampering with Physical Evidence. The State filed a Motion to Declare Keis an Habitual Offender pursuant to 11 *Del. C*. § 4214(d) on December 7, 2017. The Court granted the motion on January 9, 2018 and sentenced Keis to a total

of 78 years incarceration of which 50 were minimum mandatory, followed by two years of probation.[1]

A timely Notice of Appeal was filed with the Delaware Supreme Court by Keis's Trial Counsel. In the appeal the following claim was raised: that his statement to the police should have been suppressed under the Sixth Amendment to the U.S. Constitution because he was allegedly denied his right to counsel. The Delaware Supreme Court found no merit in Keis's claim and affirmed his conviction and sentence on October 10, 2018.[2]

On January 17, 2019 Keis filed a Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 and an accompanying Motion for Appointment of Counsel. Keis raised two grounds for relief one of which alleged ineffective assistance of counsel. On February 27, 2019 the Court granted the Motion for Appointment of Counsel and subsequently Edward F. Eaton, Esquire ("Appointed Counsel") was appointed to represent Keis. After a thorough and conscientious review of the facts, record and the law in the case, Appointed Counsel filed a Motion to Withdraw as Counsel on August 26, 2019 along with a memorandum in support of the motion, having concluded that the motion was wholly without merit and that no meritorious grounds for relief existed. Keis was sent a copy of the motion to withdraw and given thirty days to file a response. He did not file a response or amended motion. Appointed Counsel's motion to withdraw was granted by the Court on October 10, 2019.[3] Next, the motion for Postconviction relief that Keis filed on

---

[1] *State v. Keis*, Del. Super., ID No. 170300040, Clark, J. (Jan. 9, 2018) (ORDER).

[2] *Keis v. State*, 195 A.3d 780 (Table), 2018 WL 4929449 (Del.).

[3] *State v. Keis*, Del. Super., ID No. 170300040, Clark, J. (Oct. 10, 2019) (ORDER).

January 19, 2019, proceeded to briefing.

## FACTS

Following are the facts as set forth by the Delaware Supreme Court:

(2) The convictions arose from an incident on February 28, 2017 in Diane Harrington's house where a man unknown to her beat and threatened her for forty minutes before allegedly demanding 'money for drugs' and leaving the house with $2400 in cash. Harrington provided a description of her assailant to police. Later that night Detective Ritchey encountered Keis along the road beside a wooded area near Harrington's house and searched his person. He arrested Keis after discovering $2400 in cash. On March 7, 2017 two detectives interrogated Keis. The detectives read Keis his *Miranda* rights, Keis acknowledged that he understood his rights, signed a *Miranda* waiver, and agreed to give a statement. During his interrogation Keis stated that he was black-out drunk on the night of the events with little memory. This was also his explanation for urinating on his clothes while in a holding area after arrest, which the State asserted was an effort to destroy DNA evidence. At trial, Keis did not object to the recording of his statement being admitted into evidence by the State.

(3) After a two-day bench trial, Keis was convicted of Robbery First Degree, Home Invasion, and Assault Second Degree. The judge declared him an habitual offender and sentenced him to seventy-eight years at Level V followed by two years at Level III.[4]

## KEIS'S CONTENTIONS

In Keis's Motion for Postconviction Relief he raises the following

---

[4] *Keis v. State*, 2018 WL 4929449 at *1.

grounds for relief:

Ground one:     Ineffective Assistance of Counsel.
                Defense attorney did not object to Exhibit (26), did
                not produce defendant's witness, did not ask victim
                if Defendant was the perpetrator of the crime.

Ground two:     Abuse of Discretion.
                In finding the Defendant guilty Judge Clark based
                the finding of guilt by using a charge the Honorable
                Clark himself found the Defendant not guilty of.

The grounds stated above represent all of Keis's arguments. He did not file a memorandum of law or Reply brief.

## DISCUSSION

Under Delaware law, the Court must first determine whether Keis has met the procedural requirements of Superior Court Criminal Rule 61(I) before it may consider the merits of the postconviction relief claims.[5] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final.[6] Keis's motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the motion. As this is Keis's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

Grounds for relief not asserted in the proceedings leading to judgment of conviction are thereafter barred unless the movant demonstrates: (1) cause for relief

---

[5] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).

[6] Super. Ct. Crim. R. 61(i)(1).

4

from the procedural default; and (2) prejudice from a violation of the movant's rights.[7] The bars to relief are inapplicable to a jurisdictional challenge or "to a claim that satisfies the pleading requirements of subparagraph (2)(i) or (2)(ii) of subdivision (d) of Rule 61.[8] To meet the requirements of Rule 61(d)(2) a defendant must plead with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted[9] or that he pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United State or Delaware Supreme courts, applies to the defendant's case rendering the conviction invalid.[10] Keis's motion pleads neither requirement of Rule 61(d)(2).

None of Keis's claims were raised at trial, sentencing or on direct appeal. Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice. Only Keis's first claim is based on ineffective assistance of counsel; therefore, he has alleged cause for his failure to have raised this allegation earlier. His second ground for relief, however, alleges no cause for his failure to have raised it earlier and it is therefore barred by Superior Court Criminal Rule 61(i)(3).

Keis's ineffective assistance of counsel claim in his first ground for relief is not subject to the procedural default rule, in part because the Delaware Supreme Court will not generally hear such claims for the first time on direct appeal. For this reason, many defendants, including Keis, allege ineffective assistance of counsel in

---

[7] Super. Ct. Crim. R. 61(i)(3).

[8] Super. Ct. Crim. R. 61(i)(5).

[9] Super. Ct. Crim. R. 61(d)(2)(i).

[10] Super. Ct. Crim. R. 61(d)(2)(ii).

5

order to overcome the procedural default. "However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards."[11] The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that the responsibility for the default be imputed to the State, which may not 'conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance;' [i]neffective assistance of counsel then is cause for a procedural default.[12]

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a movant must engage in the two part analysis enunciated in *Strickland v. Washington*[13] and adopted by the Delaware Supreme Court in *Albury v. State*.[14]

The *Strickland* test requires the movant show that counsel's errors were so grievous that his performance fell below an objective standard of reasonableness.[15] Second, under *Strickland* the movant must show there is a reasonable degree of probability that but for counsel's unprofessional error the outcome of the proceedings

---

[11] *State v. Gattis*, 1995 WL 790961 (Del. Super.).

[12] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[13] 466 U.S. 668 (1984).

[14] 551 A.2d 53, 58 (Del. 1988).

[15] *Strickland*, 466 U.S. at 687; *see Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

6

would have been different, that is, actual prejudice.[16] In setting forth a claim of ineffective assistance of counsel, a defendant must make and substantiate concrete allegations of actual prejudice or risk summary dismissal.[17]

Generally, a claim for ineffective assistance of counsel fails unless both prongs of the test have been established.[18] However, the showing of prejudice is so central to this claim that the *Strickland* court stated "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[19] In other words, if the Court finds that there is no possibility of prejudice even if a defendant's allegations regarding counsel's representation were true, the Court may dispose of the claim on this basis alone.[20] Furthermore, Keis must rebut a "strong presumption" that Trial Counsel's representation fell within the "wide range of reasonable professional assistance," and this Court must eliminate from its consideration the "distorting effects of hindsight when viewing that representation."[21]

Turning briefly to Keis's specific claims he alleges his Trial Counsel was ineffective because she did not object to the admission of his statement to police. Keis's Trial Counsel, in her affidavit, clearly contradicts Keis's self-serving allegation and states that she strategically chose not to object to the admission of the

---

[16] *Id.*

[17] *See* e.g., *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[18] *Strickland*, 466 U.S. at 687.

[19] *Id.* at 697.

[20] *State v. Gattis*, 1995 WL 790961 (Del. Super.).

[21] *Strickland*, 466 U.S. at 689; *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

7

statement because Keis's defense, in part, was based on his alleged lack of memory of the crime and since he was not going to testify the only way to get his defense in to the record would be to allow his redacted statement in to evidence. Furthermore as noted by the Supreme Court on direct appeal the statement was admissible so Keis can demonstrate no prejudice as a result of counsel not objecting to the admission of his statement. This failure is fatal to Keis's claim

Keis next alleges his Trial Counsel did not produce a witness. Counsel in her Affidavit stated that without more detail she has no idea what witness Keis is referring to. Furthermore, Keis provides no details as to what this phantom witness would have testified to. Therefore, he cannot show prejudice and this claim too must be dismissed. Keis's final ineffective assistance of counsel argument is that counsel did not ask the victim if she could identify Keis as the perpetrator. Trial Counsel notes that this was a tactical decision to avoid the possibility that the victim would identify Keis if asked. Clearly, this is a sound strategy and Keis can show no prejudice. His ineffective assistance of counsel claims are meritless. Additionally, given that counsel was successful in achieving acquittal on one of the charges against Keis her strategy was partially successful.

Following a complete review of the record in this matter, it is abundantly clear that Keis has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective. I find Trial Counsel's affidavit and Appointed Counsel's motion to withdraw, in conjunction with the record, more credible than Keis's self-serving claims that his Trial Counsel's representation was ineffective. Keis's Trial Counsel clearly denies the allegations. Furthermore, Appointed Counsel thoroughly reviewed the record in this case and concluded that none of Keis's claims were meritorious and that no other meritorious claims could be found.

8

## CONCLUSION

After reviewing the record in this case, it is clear that Keis has failed to avoid the procedural bars of Superior Court Criminal Rule 61(I). A review of his Trial Counsel's affidavit, Appointed Counsel's motion to withdraw and the record clearly shows that counsel represented Keis in a competent fashion and was not ineffective. Additionally, Keis has failed to demonstrate any concrete prejudice. Consequently, I recommend that Keis's motion be denied as procedurally barred by Rule 61(i)(3) for failure to prove cause and prejudice.

/s/ Andrea M. Freud
Commissioner

AMF/dsc

9